STATE, EX REL. ALDA S. KING, RELATOR, v. VICTOR N. HANSON, COUNTY CLERK, RESPONDENT: JOSEPH E. MARSH, INTERVENER.

294 N. W. 453

FILED OCTOBER 19, 1940. No. 31079.

*Kingsbury & Kingsbury* and *John E. Newton*, for relator.

*Malcolm R. Smith*, for respondent.

*W. V. Steuteville* and *George W. Leamer*, for intervener.

*S. W. McKinley, Jr., amicus curiæ.*

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

The question presented is whether the provision in section 32-1203, Comp. St. Supp. 1939, that, "If a vacancy shall occur as to any person duly nominated on a non-political county ticket, the same may be filled by petition filed with the county clerk," authorizes a county clerk to accept only the first petition presented to him in such a situation and to refuse to file any others.

The issue arises in a mandamus action, instituted by our leave, to compel the county clerk of Dakota county to accept relator's petition for filing, and to place his name on the ballot at the general election on November 5, 1940, as a candidate for the office of county judge. At the primary election on April 9, 1940, Sherman W. McKinley, who had been county judge of Dakota county for many years, was the sole candidate and only nominee for that office. On June 9, 1940, he died. On June 17, 1940, John L. Pucelik presented a petition, in proper form, to have his name placed on the ballot at the November election, to fill the ballot vacancy thus created. The county clerk accepted and filed this petition. On June 25, 1940, Joseph E. Marsh presented a similar petition in his own behalf, and on July 5, 1940, one was presented by relator. The county clerk refused to accept these petitions, on the ground that Pucelik's petition had filled the vacancy.

Relator then instituted this action. Marsh was given leave to intervene, and he has asked that a writ of mandamus issue as to his petition of intervention also. In response to an alternative writ, the county clerk, as respondent, has filed a demurrer. He has waived the right to file further pleadings, so that our ruling on the demurrer, by agreement, is to be treated as a final adjudication of relator's and intervener's rights.

It is the contention of relator and intervener that section 32-1203, Comp. St. Supp. 1939, does not limit the number of petitions that may be filed to fill such a ballot vacancy, nor does it prescribe a method of selection and elimination among the candidates, and that respondent therefore had no right to refuse to accept any petitions that might be presented to him, in proper form and within the necessary time, but was required to file all such petitions and to place the names of all these candidates on the ballot at the general election.

The material portions of section 32-1203, Comp. St. Supp. 1939, are as follows: "After said primary election * * * the county clerk * * * shall place the names of all non-political candidates upon the * * * ballot * * *; and said county clerk * * * shall place on said official ballot, on each office division, twice as many names as there are places to be filled at the said general election. Said names shall be the names of the persons who received the highest number of votes for the office for which they were candidates in the primary. If more than one person was candidate for the same position in the primary, the county clerk * * * in preparing the official ballot for the general election, shall place therein the names of the two persons who received the highest number of votes in said primary for the position for which they were candidates; but in no event shall the names on the official ballot in each office division be more than twice the number of offices to be filled at the said general election. When at least two persons shall not file an affidavit to have their names placed on the primary ballot for the nomination for each position to be filled and the name of a person is written in and voted for as a candidate for any of such positions, who did not file as aforesaid as a candidate for such nomination, such person shall not be entitled to a certificate of nomination at such primary election nor have his name placed on the general election ballot unless he shall have received at least the second highest number of votes cast for such nomination and unless such a number of votes received shall be at least ten per cent. of the total vote cast for

Governor in said county at the preceding general election. If a vacancy shall occur' as to any person duly nominated on a non-political county ticket, the same may be filled by petition filed with the county clerk for at least ten per cent. of the number of voters who voted for Governor at the preceding general election, if such vacancy be as to a nominee for either County Judge or County Superintendent."

This statute, as will be noted from its language, permits one to become a candidate for the office of county judge, by petition, only "If a vacancy shall occur as to any person duly nominated." It differs in this respect from the statute applicable to non-political offices in districts comprising more than one county (Comp. St. 1929, sec. 32-1204) and from that applicable to members of the legislature (Comp. St. Supp. 1939, sec. 32-1208) both of which provide for petition filings, "If, after a primary election, there shall, through any cause whatsoever, be a vacancy upon the ballot." It differs further from these statutes in that it does not expressly prescribe a method for selection and elimination among the candidates, where more than one petition is presented to fill a ballot vacancy. Section 32-1204, Comp. St. 1929, provides, as to offices on the non-political ballot in districts comprising more than one county, that, "If there shall be more than one candidate for a vacancy it shall be the duty of the Governor of the State, thirty (30) days prior to the general election, to choose from among the candidates the one whose name shall appear on the ballot." Section 32-1208, Comp. St. Supp. 1939, provides, as to members of the legislature, that, "If more file than there are places vacant then the candidates shall be chosen by drawing for place."

These imperfections in section 32-1203, Comp. St. Supp. 1939, are the result of a legislative looseness in dealing with the situation pointed out in *State v. Penrod,* 102 Neb. 734, 169 N. W. 266. In that case, decided in 1918, one of two successful candidates for the nomination for county judge of Gage county had withdrawn his name from the ballot after the primary election, because he had entered the military

service of his country. Two candidates filed petitions to fill the vacancy on the ballot. In an opinion written by Justice Dean, denying a writ of mandamus, it was held that no right existed to fill this vacancy on the ballot by petition, because, as the statute then stood—to use the court's language—"The candidates whose names appear on the nonpartisan ballot at the general election must be restricted to such candidates as have been nominated under that act at the primary." In a concurring opinion, Justice Sedgwick pointed out that, "If the possibility of the contingency that has arisen in this case had been suggested to the attention of the legislature, a provision would have been inserted remedying the apparent defect in the present law."

The legislature at its next session amended the statute, to authorize a filing by petition, "If a vacancy shall occur as to any person duly nominated on a nonpartisan county ticket." Laws 1919, ch. 89. No provision was made, as we have previously indicated, for filling a ballot vacancy by petition, occasioned by the fact that no candidates, or only one, might have filed at the primary election. There is some contrary dictum in *State v. Minor,* 105 Neb. 228, 232, 180 N. W. 84, 85, but the language of the statute is clear in this respect. The statute failed also to provide for the contingency pointed out in Justice Sedgwick's concurring opinion, that, "If, as in this case, more than one candidate is presented by petition to fill this vacancy, there is no method provided, or even indicated, in the statute by which it could be determined which one of these candidates should have a place upon the general ticket."

It is respondent's position that the failure of the legislature to prescribe a method for selection and elimination among petition candidates in such a situation must be held to be an intention that the first petition presented should fill the vacancy. The statute does not say, however, that the county clerk shall have either the power or the duty to refuse to file any petition presented to him. It merely provides that a vacancy "may be filled by petition filed with the county clerk." To hold that this means that such a va-

cancy shall be filled by the first petition filed with the county clerk is to insert language in the statute. It substitutes judicial improvisation for necessary legislative expression, as a method of candidate selection and elimination. As has previously been pointed out, the legislature has, in sections 32-1204, Comp. St. 1929, and 32-1208, Comp. St. Supp. 1939, undertaken to prescribe the methods for selection and elimi- ‸ nation among petition candidates as to all non-political offices, except those on a county ticket. Its failure to make some corresponding provision in section 32-1203, Comp. St. Supp. 1939, as to petition candidates to fill a ballot vacancy on a non-political county ticket, is obviously an oversight. The field, however, is one in which the legislature alone may speak, either by specific prescription in the statute, or by express delegation of the right to improvise a method as an administrative regulation; but, in the absence of either form of legislative utterance, "the court is without authority to supply that which the legislature did not see fit to supply." *State v. Minor, supra.*

The legislature might, of course, if it chose, have made such a provision for selection and elimination, as respondent seeks to have read into the statute. The method suggested would hardly be regarded as a satisfactory solution, however, if the field were one that depended upon and was legitimately open to administrative or judicial improvisation. It leaves the race to fill a ballot vacancy to the swift alone, which is hardly a commendable exercise of democratic process. But, more than this, it would leave the situation stalemated, if two or more persons should undertake to present petitions to the county clerk at the same time.

Without further discussion, it seems clear to us that, under the circumstances, as the statute stands, if we were to hold that the first petition presented in this case filled the ballot vacancy, we should be improvising for the legislature. Since there are no words of limitation in the statute itself and no method for selection and elimination is provided, it must necessarily follow that the field is left open to as many candidates to file by petition as desire to do so.

No more confusion is occasioned by this situation than by the usual primary ballot. Nor is any difficulty presented by the provisions of section 32-1203, Comp. St. Supp. 1939, that "Said county clerk * * * shall place on said official ballot, on each office division, twice as many names as there are places to be filled at the said general election," and that "In no event shall the names on the official ballot in each office division be more than twice the number of offices to be filled at the said general election," in view of the further qualifying provision that "Said names shall be the names of the persons who received the highest number of votes for the office for which they were candidates in the primary." This language has application only to nominations made at a primary election. It was contained in the statute before the legislature added the provision for petition filing to fill a ballot vacancy, and was in no way changed by chapter 89, Laws 1919. In the absence of a statutory provision for selection and elimination among petition candidates, it can have no significance except in its original context. It refers only to "persons who received the highest number of votes in said primary."

We accordingly hold that the demurrer of respondent must be overruled, and that relator and intervener are entitled to the issuance of a peremptory writ of mandamus, directing the placing of their names upon the ballot at the general election as candidates for the office of county judge. Following the argument of this cause and a consultation thereon, we directed the issuance of the writ before preparation of a written opinion, in order that the county clerk might be advised of our decision at least thirty days prior to the general election. This opinion is confirmatory of our previous order.

The statutory defect here involved is perhaps one to which the legislature may wish to give attention at its next session.

WRIT ALLOWED.